**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: Civil Action No.: 1:17-cv-01579-WJM-NYW

WILLIAM M. BARRETT, DENICE E. BATLA, HEATHER L. COBERLY, LELAND W. GULLEY, and BLAKE A. UMSTED, Individually and as the representatives of a class consisting of the participants and beneficiaries of the Pioneer Natural Resources USA, Inc. 401(K) and Matching Plan,

        Plaintiffs,

v.

PIONEER NATURAL RESOURCES USA, INC.; THE PIONEER NATURAL RESOURCES USA INC. 401(K) AND MATCHING PLAN COMMITTEE; THERESA A. FAIRBROOK; TODD C. ABBOTT; W. PAUL MCDONALD; MARGARET M. MONTEMAYOR; THOMAS J. MURPHY; CHRISTOPHER M. PAULSEN; KERRY D. SCOTT; SUSAN A. SPRATLEN; LARRY N. PAULSEN; MARK KLEINMAN; and RICHARD P. DEALY

        Defendants.

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY APPROVING FILING OF THIRD AMENDED COMPLAINT, AND PROVISIONALLY APPROVING CERTIFICATION OF THE SETTLEMENT CLASS**

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement. This litigation arose out of claims involving alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, against Pioneer Natural Resources USA, Inc.; the Pioneer Natural Resources USA Inc. 401(k) and Matching Plan Committee; Theresa A. Fairbrook; Todd C. Abbott; W. Paul McDonald; Margaret M. Montemayor; Thomas J. Murphy; Christopher M. Paulsen; Kerry D. Scott; Susan A. Spratlen; Larry N. Paulsen; Mark Kleinman; and Richard P. Dealy (collectively, "Defendants").

The parties entered into the Settlement Agreement by and through their respective counsel on December 10, 2018 (the "Agreement") in the above-captioned action (the "Lawsuit"). The parties now move for an order granting preliminary approval of the class settlement of the Lawsuit upon the terms and conditions in the Agreement (the "Settlement"). The Court having read and considered the Agreement and the accompanying documents submitted by Plaintiffs and Defendants, finds and ORDERS as follows:

1. The Agreement is hereby incorporated by reference in this Order and, in addition to the terms defined in this Order, all terms defined in the Agreement will have the same meanings in this Order.

2. The Parties include Plaintiffs individually and as representatives of the Settlement Class, and Defendants as defined in the Agreement.

3. The Third Amended Complaint is deemed filed concurrently with the filing of this Order for settlement purposes only.

4. For purposes of determining whether the terms of the Agreement should be preliminarily approved, the following Settlement Class is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1)(A):

> All Current and Former Participants and Beneficiaries of the Pioneer 401(k) and Matching Plan who maintained a balance of any amount in the Plan at any point from June 28, 2011 through December 10, 2018, excluding Defendants.

5. The Court expressly reserves the right to determine, should the occasion arise, whether the Lawsuit may be certified as a class action for purposes other than settlement, and Defendants retain all rights to assert that the Lawsuit may not be certified as a class action except for purposes of settlement only. This Preliminary Order is not intended to be a final order on certification of the Class for settlement purposes.

6.	The Court has reviewed the Agreement proposed by the Parties and finds that it is without obvious deficiencies.  The Court finds that (i) the Settlement resulted from extensive arms-length negotiations; (ii) the Settlement was concluded after counsel for the Parties had conducted adequate investigation; and (iii) the Settlement terms are sufficiently fair, reasonable, adequate and in the best interests of the Settlement Class so as to warrant sending Notice and Claim Forms to the Settlement Class preliminarily certified for settlement purposes in accordance with Section III of the Agreement and thereafter holding a hearing regarding (a) final approval of the Settlement and certification of a Settlement Class for settlement purposes only, (b) whether the Notice Procedures comply with the Federal Rules of Civil Procedure and due process; and (c) whether Class Counsel's request for attorneys' fees and costs should be approved (the "Final Approval Hearing"). Accordingly, the Court grants preliminary approval of the Settlement and finds that it is sufficiently fair and reasonable to warrant sending notice to Persons who may be members of the Settlement Class preliminarily certified for settlement purposes in accordance with the Class Notice procedures set forth in the Agreement.

7.	Solely for the purposes of the Settlement, the Court preliminarily finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(1) have been satisfied in that: (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members; (iv) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; and (v) prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

8. Plaintiffs are preliminarily found qualified to act as representatives of the Settlement Class and preliminarily appointed as Settlement Class Representatives; and the following Plaintiff's Counsel are preliminarily appointed as Counsel for the Settlement Class ("Class Counsel"), based on the Court's determination that the requirements of Fed. R. Civ. P. 23(g) are satisfied by this appointment:

Paul R. Wood
Keith R. Scranton
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300
Facsimile: (303) 757-3206
woodp@fdzar.com
scrantonk@fdazar.com

9. If final approval of the Settlement is not obtained or the events set forth in the Agreement are not satisfied, this preliminary certification order, including the above description of the Settlement Class, shall be vacated *ab initio*. Preliminary certification of the Settlement Class, appointment of Class Counsel and of Class Representatives, and all actions associated therewith, are binding only with respect to the Settlement and are undertaken on the condition that the certification and designations shall be vacated if the Agreement is terminated or is disapproved in whole or in material part by the Court, any appellate court and/or any other court of review, or if the Agreement is terminated pursuant to Section X in the Agreement, in which event: (i) the Agreement and any obligations of Defendants thereunder shall be null and void, except as otherwise expressly provided in the Agreement; (ii) the Court shall vacate the preliminary certification of the Settlement Class; and (iii) the Lawsuit shall proceed as if the Agreement had never been entered, the Third Amended Complaint had never been filed, and the Settlement Class had never been certified, without prejudice or relevance to the Court's

consideration on the merits of any arguments for or against a properly submitted motion for class certification.

10. The Settlement and its preliminary approval is not to be deemed an admission of liability or fault by Defendants, or a finding of the validity of any claims asserted in the Lawsuit, or of any wrongdoing or of any violation of law by Defendants, or an admission by Defendants as to the certifiability of a litigation class in the Lawsuit, or any other case. Neither the preliminary certification of this Settlement Class, nor the Agreement, nor the fact that it was entered into, nor any of its terms, provisions or exhibits, nor any of the negotiations or proceedings connected with it, nor any filings or arguments made to the Court in support of preliminary approval of the Settlement, may be offered, received or construed, in any pending or future civil, criminal or administrative action, as: (i) an admission of or evidence of liability or fault by Defendants or a finding of the validity of any claims asserted in the Lawsuit or of any wrongdoing or of any violation of ERISA or; (ii) an admission of or evidence of the appropriateness of certification of a litigation class; or (iii) as evidence for any purpose in this or any other proceeding, including as to the certification of any class, except that such materials may be offered or received in proceedings to enforce the Agreement. Notwithstanding the foregoing, Defendants may file the Agreement, or any judgment or order of the Court related to it, in any other action that may be brought against them, to support any defenses based on res judicata, collateral estoppel, release, or any other theory of claim preclusion or issue preclusion.

11. Angeion Group, 11555 Heron Bay Boulevard, Suite 200, Coral Springs, Florida 33076, is preliminarily appointed as third-party class administrator ("Class Administrator"). The Court will determine whether the Class Administrator should be appointed at the Final Approval Hearing.

12. The Class Administrator shall cause the Class Notice and the Former Participant Claim Form, substantially in the form and substance shown in Exhibits C and B, respectively, attached to the Agreement, to be distributed in accordance with the procedures set forth in Section 5.2 of the Agreement within thirty-five (35) days after the entry of this Order.

13. The Court has reviewed the Class Notice and Claim Form, which it preliminarily approves in form and substance. The Court preliminarily finds that the form and method of notice set forth in the Agreement (the "Notice Procedures"): (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitutions, and the requirements of any other applicable rules or laws. In addition, the Court finds that the claim submission procedures and Claim Form are fair, reasonable and adequate. Those procedures allow sufficient time and are simple and straightforward so that any Settlement Class Member who chooses to submit a Claim Form has ample opportunity to do so. The Claim Form and claim submission procedures assist the Settlement Class Members in making informed decisions as to whether to submit a Claim Form. This preliminary finding, which is made for purposes of approving the Notice Procedures only, does not prejudice the rights of any Settlement Class Member to object to the Notice Procedures at the Settlement Fairness Approval Hearing.

14. The Final Approval Hearing shall be held before this Court in courtroom A801, Alfred A. Arraj United States Courthouse, 901 19th Street Denver, CO 80294 __:__ _.m., on _____, 2019, or such alternate date as the Court may set as close to 56 days after the date

that the Class Notice is required to be disseminated, i.e., 91 days from the date of entry of this Order, as is convenient with the Court's schedule. At that hearing, the Court shall consider and/or determine, among other things: (i) whether the Settlement should be finally approved as fair, reasonable, and adequate; (ii) whether to finally certify a Settlement Class for settlement purposes only; (iii) whether the Notice Procedures comply with the federal rules and due process; (iv) the amount of attorneys' fees and costs to be awarded to Class Counsel and the amount of any service awards to be paid to Class Representatives; (v) whether Settlement Class Members should be bound by the Releases set forth in the Agreement; and (vi) whether the Final Judgment approving the Settlement and dismissing all claims asserted in this Lawsuit on the merits, with prejudice and without leave to amend, should be entered. The Final Approval Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the Members of the Settlement Class, other than that which may be posted at the Court and on the Court's website. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class Members.

15. Settlement Class Members may submit a notice of intent to object to the settlement to the Class Administrator. Any such notice of intent to object to the settlement must be submitted to the Class Administrator no later than twenty-eight (28) days before the Final Approval Hearing (i.e., on or before _____, 2019). The Class Administrator shall promptly forward by e-mail a copy of all timely received objections to Class Counsel and Defense Counsel, along with a log of all such objections. Class Counsel shall promptly file a copy of all timely received objections with the Clerk of Court.

16. Any objection must include: (a) the case name and number; (b) the name, current address, telephone number and signature of the Settlement Class Member filing the objection; (c) a statement that the Settlement Class Member filing the objection is a Settlement Class Member and an explanation of the basis upon which he or she claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support known to the Settlement Class Member filing the objection or his or her counsel; (e) a statement as to whether the Settlement Class Member filing the objection or his or her counsel intends to personally appear and/or testify at the Final Approval Hearing; and (f) a list of any persons the Settlement Class Member filing the objection or his or her counsel may call to testify at the Final Approval Hearing in support of his or her objection. Those persons or their attorneys intending to appear at the Final Approval Hearing must submit a notice of intention to appear to the Settlement Administrator by no later than _____, 2019 setting forth: (1) the name, address, and telephone number of the Settlement Class Member; and (2) if applicable, the name, address, and telephone number of that Settlement Class Member's attorney. The Class Administrator shall promptly forward by e-mail a copy of all timely received notices of intention to appear to Class Counsel and Defense Counsel. Class Counsel shall promptly file a copy of all timely received notices of intention to appear with the Clerk of Court. Any Settlement Class Member who fails to object in accordance with this Order will be deemed to have waived the right to object and shall be barred from raising their objections to the Settlement or Final Judgment in this or any other proceeding, including in an appeal, except by Order of the Court for good cause shown.

17. Plaintiffs' Motion for Final Approval of Class Action Settlement, for costs and attorneys' fees, and on behalf of the Class Representatives for service awards, as set forth in the Settlement Agreement shall be filed on or before _____, 2019 [14 days before the date

set by this Order for the Final Approval Hearing].

18. Class Counsel and/or Defense Counsel may file and serve a written response to any notice of intent to object not later than 7 days before the Final Approval Hearing. Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court (unless the Court in its discretion shall otherwise direct), only if they comply with the objection procedures set forth herein.

19. Upon entry of this Order, all proceedings in the Lawsuit shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Settlement or to comply with or effectuate the terms of this Agreement or Fed. R. Civ. P. 23.

20. If final approval of the Settlement is not obtained, this preliminary certification order, the filing of the Third Amended Complaint, any final certification of a Settlement Class, and Final Judgment approving the Settlement shall be vacated *ab initio*. In that circumstance, the Settlement and any obligations Defendants may have under the Settlement and any order or judgment hereon (including, but not limited to, any preliminary or final certification of a Settlement Class) will be null and void and of no force and effect.

21. Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

22. If any deadline in this order falls on a non-business day, then the deadline is extended until the next business day.

Dated this __ day of December, 2018

By the Court

_____
William J. Martinez
United States District Court Judge