**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-01579-WJM-NYW

WILLIAM M. BARRETT, Individually, and DENICE E. BATLA, HEATHER L. COBERLY, LELAND W. GULLEY, and BLAKE A. UMSTED, Individually and as the representatives of a class consisting of the participants and beneficiaries of the Pioneer Natural Resources USA, Inc. 401(K) and Matching Plan,

Plaintiffs,

v.

PIONEER NATURAL RESOURCES USA, INC.; THE PIONEER NATURAL RESOURCES USA INC. 401(K) AND MATCHING PLAN COMMITTEE; THERESA A. FAIRBROOK; TODD C. ABBOTT; W. PAUL MCDONALD; MARGARET M. MONTEMAYOR; THOMAS J. MURPHY; CHRISTOPHER M. PAULSEN; KERRY D. SCOTT; SUSAN A. SPRATLEN; LARRY N. PAULSEN; MARK KLEINMAN; and RICHARD P. DEALY

Defendants.

---

## AMENDED SETTLEMENT AGREEMENT AND RELEASE

---

This Amended Settlement Agreement and Release ("Agreement") is entered into on January 11, 2019, by and among Plaintiffs, on their own behalf and on behalf of the Settlement Class, on the one hand, and Defendants, on the other, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate.

## I.    **DEFINITIONS**

**1.1.** "Action" shall mean *Barrett, et al. v. Pioneer Natural Resources USA, Inc., et al.*, Civil Action No.: 1:17-cv-01579-WJM-NYW (D. Colo. filed June 28, 2017) and any and all cases now or hereafter consolidated herewith.

**1.2.** "Active Account" shall mean an individual investment account in the Plan with a balance greater than $0.00.

1

**1.3.**    "Administration Costs" shall mean (i) the costs and expenses associated with the production and dissemination of the Notice to the Settlement Class; (ii) all reasonable costs incurred by the Settlement Administrator in administering and effectuating this Settlement, which costs and expenses are necessitated by performance and implementation of this Agreement and any Court orders relating thereto; and (iii) all reasonable fees charged by the Settlement Administrator.

**1.4.**    "Alternate Payee" shall mean a person other than a Current Participant, Former Participant, or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO"), where the QDRO relates to a Current or Former Participant's or Beneficiary's balance during the Class Period, and the relevant Plan account had an Active Account in the Plan during the Class Period.

**1.5.**    "Attorneys' Fees and Expenses" shall mean any and all attorneys' fees, costs (including expert costs), and expenses of Class Counsel for their work, efforts, and expenditures in connection with this Action and the resulting Settlement.

**1.6.**    "Authorized Former Participant" shall mean a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form to the Settlement Administrator by the Claims Deadline and whose Former Participant Claim Form is accepted by the Settlement Administrator.

**1.7.**    "Beneficiary" shall mean a person who is entitled to receive a benefit under the Plan that is derivative of a deceased Current Participant's or Former Participant's interest in the Plan, other than an Alternate Payee.  A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, child, or other individual or trust designated by the Current Participant or Former Participant as determined under the terms of the Plan who currently is entitled to a benefit.

**1.8.**    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

**1.9.**    "Claims Deadline" shall mean the deadline set by the Court for submission of Former Participant Claim Forms to the Settlement Administrator.

2

**1.10.**   "Class Counsel" shall mean Paul R. Wood and Keith R. Scranton of Franklin D. Azar & Associates P.C.

**1.11.**   "Class Period" shall mean the period from June 28, 2011 through December 10, 2018.

**1.12.**   "Court" shall mean the United States District Court for the District of Colorado.

**1.13.**   "Company" shall mean Pioneer Natural Resources USA, Inc. and its affiliates and subsidiaries.

**1.14.**   "Current Participant" shall mean any Settlement Class Member with an Active Account in the Plan on December 10, 2018.

**1.15.**   "Defendants" shall mean defendants Pioneer Natural Resources USA, Inc.; The Pioneer Natural Resources USA Inc. 401(K) and Matching Plan Committee; Theresa A. Fairbrook; Todd C. Abbott; W. Paul McDonald; Margaret M. Montemayor; Thomas J. Murphy; Christopher M. Paulsen; Kerry D. Scott; Susan A. Spratlen; Larry N. Paulsen; Mark Kleinman; and Richard P. Dealy.

**1.16.**   "Defendants' Counsel" shall mean O'Melveny & Myers LLP.

**1.17.**   "Defendant Released Parties" shall mean Defendants, and each of their predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, officers, directors, committees, employees, fiduciaries, administrators, actuaries, agents, insurers, representatives, attorneys, retained experts, and trustees (including but not limited to the current and past trustees of the Plan).

**1.18.**   "Distributable Settlement Amount" shall have the meaning ascribed to it in Section 5.2(a).

**1.19.**   "Distribution Date" shall be the date on which the Settlement Administrator shall disburse the Distributable Settlement Amount, which shall occur as soon as administratively feasible after the Effective Date.

**1.20.**   "Effective Date" shall mean: (i) the date upon which the applicable period to appeal the Final Approval Order and Judgment has expired, if no appeal is taken during such period; or (ii) if a timely appeal is taken from Final Approval Order and Judgment, the date upon

which all appeals, including any related petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally resolved.  The Parties shall agree by written communication when the Effective Date has occurred, and any dispute shall be resolved by the Court.  It is expressly agreed by the Parties and their counsel that no Party intends this provision or any other part of this Agreement to establish or acknowledge that anyone is entitled to or has the right to appeal from the Final Approval Order and Judgment.

    **1.21.**   "Escrow Account" shall mean an account at an established Financial Institution agreed upon by the Parties that is established for the deposit of any amounts relating to the Settlement.

    **1.22.**   "Escrow Agent" shall mean Angeion Group, or whatever other person or entity is approved by the Court to act as escrow agent for any portion of the Settlement Amount deposited in or accruing in the Escrow Account pursuant to this Agreement.

    **1.23.**   "Fee and Expense Application" shall mean the petition to be filed by Class Counsel seeking approval of an award of Attorneys' Fees and Expenses.

    **1.24.**   "Final Approval Hearing" shall mean the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to consider (i) any objections from Settlement Class Members to the Settlement; (ii) Class Counsel's separate Fee and Expense Application; (iii) Plaintiffs' Request for Service Awards; and (iv) whether the Agreement should receive final approval by the Court pursuant to Federal Rule of Civil Procedure 23.

    **1.25.**   "Final Approval Order and Judgment" or "Final Approval Order" shall mean a final order entered by the Court after the Final Approval Hearing, substantially the same in all material respects to that attached hereto as **Exhibit A**, granting its approval of the Settlement. The Parties may agree to additions or modifications to the form of the Final Approval Order and Judgment as they agree are appropriate at the time that it is submitted to the Court for final approval of the Settlement.

    **1.26.**   "Financial Institution" shall mean the institution at which the Escrow Account is established.

**1.27.** "Former Participant" shall mean any Settlement Class Member who maintained an Active Account in the Plan after June 28, 2011, but who is not carrying a balance in the Plan on December 10, 2018.

**1.28.** "Former Participant Claim Form" shall mean the form identical in all material respects to that attached hereto as **Exhibit B**.

**1.29.** "Notice" shall mean the notice, identical in all material respects to that attached hereto as **Exhibit C**, to be provided directly to Settlement Class Members pursuant to Section 3.3 and made available on the Settlement Website.

**1.30.** "Parties" shall mean Plaintiffs, the Settlement Class Members, and Defendants.

**1.31.** "Plaintiffs" shall mean plaintiffs William M. Barrett, Denice E. Batla, Heather L. Coberly, Leland W. Gulley, and Blake A. Umsted.

**1.32.** "Plan" shall mean the Pioneer Natural Resources USA, Inc. 401(k) and Matching Plan.

**1.33.** "Plan of Allocation" shall mean the plan or formula of allocation of the Distributable Settlement Amount as approved by the Court, which plan or formula shall govern the distribution of the Distributable Settlement Amount, in the form attached hereto as **Exhibit D**. Notwithstanding any other provision of this Agreement, any revisions by the Court or any appellate court or otherwise relating solely to the Plan of Allocation shall not operate to terminate or cancel or otherwise affect this Agreement, provided that any such revisions do not require the Company, or its affiliates, to incur additional expenses or costs in payment of claims or settlement.

**1.34.** "Preliminary Approval Order" shall mean an order entered by the Court preliminarily approving the Settlement, pursuant to Section 3.1 below, that is substantially the same in all material respects to that attached hereto as **Exhibit E**.

**1.35.** "Released Claims" shall be any and all claims for monetary, injunctive, and all other relief against Defendants and all other Defendant Released Parties arising out of or related to the conduct alleged in Plaintiffs' Third Amended Complaint, whether or not included as

counts in the complaint, except that the Released Claims shall not include claims to enforce the covenants or obligations set forth in this Agreement, nor do they include, and this Agreement does not in any way bar, limit, waive, or release, any individual claim by the Plaintiffs or a Settlement Class Member to vested benefits that are otherwise due under the terms of the Plan. Released Claims shall not include the money market claim raised in this action, which shall be dismissed without prejudice as a condition of settlement. With respect to the Released Claims, it is the intention of the Parties to expressly to waive to the fullest extent of the law: (a) the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides that "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor"; and (b) the provisions, rights and benefits of any similar statute or common law of any other jurisdiction that may be, or may be asserted to be, applicable.

**1.36.** "Service Award" shall have the meaning ascribed to it in Section 9.1.

**1.37.** "Settlement" shall mean the compromise and Settlement embodied in this Agreement.

**1.38.** "Settlement Administrator" shall mean Angeion Group.

**1.39.** "Settlement Amount" shall mean five hundred thousand dollars ($500,000).

**1.40.** "Settlement Class" shall mean the class proposed for certification, which is comprised of all Current Participants and Former Participants and Beneficiaries of the Plan from June 28, 2011 through December 10, 2018 who maintained a balance of any amount in the Plan at any point during the class period, excluding Defendants.

**1.41.** "Settlement Class Member" shall mean a member of the Settlement Class.

**1.42.** "Settlement Website" shall mean the internet website established pursuant to Section 3.5.

**1.43.** "Taxes" shall have the meaning ascribed to it in Section 5.1(i).

**1.44.** "Tax-Related Costs" shall have the meaning ascribed to it in Section 5.1(i).

**1.45.** "Unknown Claims" shall mean any Released Claims that Plaintiffs, any Settlement Class Member(s) and/or any of the other Parties do not know or suspect to exist in their favor at the time of the release of the Defendant Released Parties, including claims which, if known by them, might have affected their settlement with and release of the Defendant Released Parties, or might have affected their decision not to object to this Settlement.  Plaintiffs, any Settlement Class Member, and any of the other Parties may later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs, any Settlement Class Member and all of the other Parties, upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs, any Settlement Class Member and all of the other Parties shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## II.     CONDITIONS TO FINALITY OF THE SETTLEMENT

**2.1**     This Settlement shall be contingent upon (i) the Court's entry of the Preliminary Approval Order, as provided in Section 3.1 below; and (ii) the Court's entry of the Final Approval Order and Judgment, as provided in Section 4.2 below.  The Parties agree that if either of these conditions is not satisfied, then this Agreement shall be terminated and the Action shall for all purposes with respect to the Parties revert to its status as of October 5, 2018.  In such event, Defendants will not be deemed to have consented to class certification, the agreements and stipulations in this Agreement concerning class certification shall not be used as evidence or

7

argument to support class certification, and the Defendants shall retain all rights with respect to class certification.

## III.   PRELIMINARY SETTLEMENT APPROVAL AND CLASS NOTICE

**3.1.   *Motion for Preliminary Approval and Certification of Settlement Class.*** As soon as is practicable after execution of this Agreement, Plaintiffs shall file an unopposed motion for preliminary approval of the Settlement, including entry of an order identical in all material respects to the form of the Preliminary Approval Order, and conditional certification of the Settlement Class for purposes of this Settlement only. Among other things, the Preliminary Approval Order shall:

(a) approve the text of the Notice and the Former Participant Claim Form and find that sending the Notice via electronic mail (if available) or first class mail is the best notice practicable under the circumstances and complies with Federal Rule of Civil Procedure 23;

(b) order the Settlement Administrator to send the Notice and the Former Participant Claim Form as provided in Section 3.3 below;

(c) set the Final Approval Hearing on a date no earlier than 91 days after the entry of the Preliminary Approval Order;

(d) provide that any objections to Settlement shall be heard at the Final Approval Hearing, so long as they are received by the Settlement Administrator no later than twenty-eight (28) days before the Final Approval Hearing;

(e) further provide that any Party may file a response to a timely objection no later than ten (10) days before the Final Approval Hearing; and

(f) set a deadline of no later than ten (10) calendar days before the Final Approval Hearing by which Former Participant Claim Forms must be received by the Settlement Administrator for a Former Participant to be considered an Authorized Former Participant.

3.2.   ***Certification for Settlement Purposes Only.***   Plaintiffs' motion for class certification shall be for the limited purpose of effectuating this Agreement only and shall be binding only with respect to the Settlement of this Action.   Defendants shall not take any position with respect to Plaintiffs' request for certification of the Settlement Class, but reserve all rights to object to the propriety of class certification in the Action in all other contexts and for all other purposes.   If this Agreement is terminated by the Parties or reversed, vacated, or modified in any material respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Action shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be made for any purpose.

3.3.   ***Class Notice***.

(a)   Within forty-five (45) days of the entry of the Preliminary Approval Order, or such other deadline as may be set by the Court, the Settlement Administrator shall send the Notice by electronic mail (if available) or first-class mail to the Settlement Class Members.

(b)   The Company shall obtain the last known electronic mail addresses (if any) and last known mailing addresses of the Settlement Class Members and shall provide such information to the Settlement Administrator no later than ten (10) business days before the Notice is to be distributed.

(c)   The Settlement Administrator shall cause the Former Participant Claim Form to be included with the Notice that is sent to Former Participants.

3.4.   ***Class Action Fairness Act Notice.***   The Settlement Administrator shall also comply with the notice requirements of 28 U.S.C. § 1715 and shall file a notice confirming compliance prior to the Final Approval Hearing.

3.5.   ***Settlement Website.***   Within forty-five (45) days of the entry of the Preliminary Approval Order, and no later than the day prior to the first date that the mailing of the Notice occurs, the Settlement Administrator shall establish the Settlement Website, which will contain

9

the Notice, this Agreement and its exhibits, the operative complaint, the motion for preliminary approval, and the order approving preliminary approval.  The Notice, attached hereto as **Exhibit C**, will identify the web address of the Settlement Website.

## IV.    FINAL SETTLEMENT APPROVAL

**4.1.    *Motion for Final Approval.*** No later than fourteen (14) days before the Final Approval Hearing set by the Court, Class Counsel shall file (i) a unopposed motion for entry of the Final Approval Order and Judgment; (ii) Class Counsel's separate Fee and Expense Application; and (iii) Plaintiffs' request for Service Awards.

**4.2.    *Final Approval Order and Judgment.*** Among other things, the Final Approval Order and Judgment shall:

(a)    approve the Settlement and release all Released Claims;

(b)    find the Notice of the Settlement provided to the Settlement Class was the best notice practicable under the circumstances and complied with Federal Rule of Civil Procedure 23;

(c)    find that all applicable CAFA requirements have been satisfied;

(d)    approve the Plan of Allocation;

(e)    determine, based on information provided by the Settlement Administrator, which Former Participants qualify as Authorized Former Participants;

(e)    decide Class Counsel's Fee and Expense Application;

(f)    decide Plaintiffs' application for Service Awards;

(g)    provide that the Settlement Administrator shall have final authority to allocate the Distributable Settlement Amount to Current Participants and Authorized Former Participants according to the Plan of Allocation; and

(h)    dismiss the action with prejudice.

## V.    PAYMENTS TO THE SETTLEMENT CLASS

**5.1.    *The Settlement Amount.***

(a)     In consideration of all the promises and agreements set forth in this Agreement, the Company will pay the Settlement Amount.  No other of the Defendant Released Parties shall have any obligation to contribute financially to this Settlement.

(b)     The Company shall pay the Settlement Amount by causing five hundred thousand dollars ($500,000) to be deposited by wire transfer into the Escrow Account within fifteen (15) days of the entry of the Preliminary Approval.

(c)     The Settlement Amount shall be used solely for the purposes set forth in Section 5.1(j) below.

(d)     Subject to Court approval and oversight, the Escrow Account will be controlled by the Settlement Administrator.  Neither Defendants nor Plaintiffs shall have any liability whatsoever for the acts or omissions of the Settlement Administrator appointed by the Court.  The Settlement Administrator shall not disburse the Settlement Amount or any portion thereof except as provided for in this Agreement, by an Order of the Court, or with prior written agreement of Class Counsel and Defendants' Counsel.

(e)     The Settlement Administrator is authorized to execute transactions on behalf of the Settlement Class Members that are consistent with the terms of this Agreement and with Orders of the Court.

(f)     All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with this Agreement.

(g)      The Settlement Administrator shall, to the extent practicable, invest the Settlement Amount in discrete and identifiable instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then current market rates.  The Settlement Administrator shall maintain records identifying in detail each instrument in which the Settlement Amount or any portion thereof has been invested, and identifying the precise location

11

(including safe deposit box number) of each such instrument.  Neither the Settlement Amount nor any portion thereof shall be commingled with any other monies in any instruments.  Any cash portion of the Settlement Amount not invested in instruments of the type described in the first sentence of this Section shall be maintained by the Settlement Administrator, and not commingled with any other monies, at a bank account, which shall promptly be identified to the Parties at either party's request by account number and any other identifying information.  The Settlement Administrator and Settlement Class Members shall bear all risks related to investment of the Settlement Amount.

(h)      The Escrow Account is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.  The Settlement Administrator, as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing tax returns for the Escrow Account and paying from the Escrow Account any Taxes owed with respect to the Escrow Account.  Defendants agree to provide the Settlement Administrator with the statement described in Treasury Regulation §1.468B-3(e).  Neither Defendants, Defendants' Counsel, Plaintiffs, nor Class Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to Escrow Account.

(i)      All (i) taxes on the income of the Escrow Account (the "Taxes"); and (ii) expenses and costs incurred in connection with the taxation of the Escrow Account (including, without limitation, expenses of tax attorneys and accountants) ("Tax-Related Costs") shall be timely paid by the Settlement Administrator out of the Escrow Account.

(j)      The Settlement Amount, together with any interest accrued thereon, will be used to pay the following amounts associated with the Settlement:

(1)      Compensation to Settlement Class Members determined in accordance with Section 5.2;

(2)     Any Service Awards approved by the Court;

(3)     Any Attorneys' Fees and Expenses approved by the Court;

(4)     Administration Costs; and

(5)     Taxes and Tax-Related Costs.

**5.2.     *Distribution to Settlement Class Members.***

(a)     After withdrawal of Class Counsel's Attorneys' Fees and Expenses approved by the Court, Administration Costs (including an estimated provision for the costs of the distribution to Settlement Class Members and other post-distribution related Administration Costs, as proposed by the Settlement Administrator and approved by Class Counsel and Defendants' Counsel as reasonable), Service Awards, and Taxes and Tax-Related Costs, the money remaining in the Escrow Account, including any interest thereon (the "Distributable Settlement Amount") will be allocated to Settlement Class Members.  To be entitled to an allocation from the Distributable Settlement Amount, a person must be a Current Participant or an Authorized Former Participant, or a Beneficiary, or Alternate Payee of such a person.

(b)     The Distributable Settlement Amount will be distributed to Current Participants, Authorized Former Participants, and their Beneficiaries or Alternate Payees, if applicable, as described in the Plan of Allocation attached hereto as **Exhibit D** or such other allocation plan as may be ordered by the Court.  It is understood and agreed by the Parties that the proposed Plan of Allocation is not part of this Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Agreement or affect the finality of the Court's Final Approval Order and Judgment approving the Settlement or any other Orders entered pursuant to the Agreement.  Notwithstanding the foregoing, or anything else in this Agreement, any revisions to the Plan of Allocation that would require the Company or its affiliates to incur additional expenses or costs or to provide

13

data not already readily available on its computer systems shall be deemed a material alteration of this Agreement and entitle the Company, at its election, to terminate the Agreement.

(c)     The Settlement Administrator shall disburse the Distributable Settlement Amount on the Distribution Date.

(d)     No payment to any Settlement Class Member shall be smaller than ten dollars ($10.00).  Any Settlement Class Member whose allocation pursuant to Section 5.2(b) is less than ten dollars ($10.00) shall receive a payment of ten dollars ($10.00).

(e)     For each Current Participant in the Plan, the payment will be credited to the participant's account.  For each Authorized Former Participant, the payment will be made in the form of a check mailed to the address provided by the Authorized Former Participant on his or her Former Participant Claim Form.  Checks must be cashed within ninety (90) days of issuance.  Checks older than ninety (90) days will be void, and the Settlement Administrator shall be instructed to return any such funds to the Escrow Account.  This limitation shall be printed conspicuously on the face of each check.  The voidance of checks shall have no effect on the Settlement Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

(f)     To the extent funds remain in the Escrow Account as a result of any uncashed checks by Authorized Former Participants and the remainder exceeds $5,000, such funds will be electronically distributed to Current Participants.  To the extent the remainder in the Escrow Account is less than $5,000, the remainder will be electronically deposited in the Plan's suspense account and utilized to defray expenses to Plan participants.

5.3.     *Responsibility for Taxes on Distribution.*  Each Settlement Class Member who receives a payment under this Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received

14

by such person.  Each Settlement Class Member shall hold Defendants, Defendants' Counsel, the Defendant Released Parties, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments or credits under the Agreement, and shall hold Defendants, Defendants' Counsel, the Defendant Released Parties, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

5.4.    ***Treatment of Undistributed Funds and Uncashed Checks.***  Any funds associated with checks that are not cashed within ninety (90) days of issuance and any funds that cannot be distributed to Settlement Class Members for any other reason, together with any interest earned on them, and after the payment of any applicable taxes by the Escrow Agent, shall be returned to the Escrow Account by the Settlement Administrator to be distributed as described in Section 5.2(f).

5.5.    ***Administration Costs.***  The Administration Costs shall be paid from the Settlement Amount.  The Settlement Administrator will reserve from the Settlement Amount its estimated costs of completing settlement administration activities, including the costs of distributing the Distributable Settlement Amount to Settlement Class Members as described in Section 5.2.  Beginning thirty (30) days after the entry of the Preliminary Approval Order, and on every thirty (30) days thereafter, the Settlement Administrator shall provide the Parties with a detailed accounting of any Administration Costs expended to date and an invoice for the amount of such Administration Costs.  Any disputes as to whether amounts billed by the Settlement Administrator are reasonable and necessary under this Agreement shall be resolved by the Court.

5.6.    ***Entire Monetary Obligation.***  Notwithstanding anything else in this Agreement, in no event shall Defendants be required to pay any amounts other than the Settlement Amount. It is understood and agreed that Defendants' monetary obligations under this Settlement Agreement will be fully discharged by paying the Settlement Amount, and that Defendants shall

have no other monetary obligations, or obligations to make any other payments under this Agreement or otherwise.

## VI.    SETTLEMENT ADMINISTRATION

**6.1.    *Settlement Administrator.*** The Settlement Administrator shall administer this Settlement under the supervision of Class Counsel, Defendants' Counsel, and the Court.

**6.2.    *Information To Be Provided.*** The Settlement Administrator shall provide such information as may be reasonably requested by Plaintiffs or Defendants relating to the administration of this Agreement. At a minimum, the Settlement Administrator shall provide to Class Counsel and Defendants' Counsel, no less frequently than monthly, a full accounting of all expenditures made in connection with the Settlement, including Administration Costs and any distributions from the Settlement Amount.

**6.3.    *Scope of Defendants' Obligations.*** Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever, with respect to:

(a)    any act, omission, or determination of the Settlement Administrator, Class Counsel, or designees or agents of Class Counsel or the Settlement Administrator; or

(b)    any act, omission, or determination of Class Counsel or their designees or agents in connection with the administration of the Settlement.

## VII.   RELEASES, COVENANTS, AND JUDICIAL FINDINGS

**7.1.    *Release of Defendants and Defendant Released Parties.*** Subject to Section VIII below, upon the Effective Date, Plaintiffs and each Settlement Class Member (on behalf of themselves, their current and former beneficiaries, their representatives, and successors-in-interest) absolutely and unconditionally release and forever discharge all Released Claims.

**7.2.    *Covenant Not to Sue.*** As of the Effective Date, Plaintiffs and Each Settlement Class Member (on behalf of themselves, their current and former beneficiaries, their representatives, and successors-in-interest) further agree not to sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a

proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims, whether individually, together, or in combination with others. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement pursuant to the procedures set forth in this Settlement Agreement.

7.3.    *Releases of Plaintiffs, the Settlement Class, and Class Counsel.*  Upon the Effective Date, the Company (on behalf of itself and its representatives and successors-in-interest) shall be deemed to have, and by operation of the Judgment, shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of Plaintiffs, the Settlement Class, and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether under local, state or federal law, whether by statute, contract, common law or equity, whether brought in an individual, representative or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, in connection with the Released Claims.

7.4.    *Taxation of Class Settlement Amount.*  Plaintiffs acknowledge that the Defendant Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Escrow Account or that Plaintiffs or Class Counsel receive from the Settlement Amount.

7.5.    *Use of Settlement Administrator Information.*  Both sides shall have equal access to information held by the Settlement Administrator given that such information is necessary to administer this Settlement consistent with Class Counsel's obligation to do so; however, such information shall be kept in strict confidence by Class Counsel and Defendants' Counsel.

7.6.    *Use of Company Information.*  Class Counsel and their agents shall use any information provided by the Company pursuant to the express provisions of this Agreement solely for the purpose of providing the Notice and administering this Settlement and for no other purpose.

## VIII.   REPRESENTATIONS AND WARRANTIES

**8.1.**   *Parties' Representations and Warranties.*   The Parties, and each of them, represent and warrant as follows, and each Party acknowledges that the other Parties are relying on these representations and warranties in entering into this Settlement Agreement:

(a)   That they have diligently investigated the claims in this Action; that they are voluntarily entering into this Agreement as a result of arm's-length negotiations among their counsel; that in executing this Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as provided in this Agreement, they have not been influenced to any extent whatsoever in executing this Agreement by any representations or statements pertaining to any of the foregoing matters by any Party or by any person representing any Settling Party.  Each Party assumes the risk of mistake as to facts or law.

(b)   That they have carefully read the contents of this Agreement and this Agreement is signed freely by each person executing the Agreement on behalf of each of the Parties.  The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to this Settlement, this Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary.

**8.2.**   *Signatories' Representations and Warranties.*   Each person executing this Agreement on behalf of any other person does hereby personally represent and warrant that he or she has the authority to execute this Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent and that no right or claim compromised pursuant to this Agreement has been assigned or hypothecated to any third party.

IX.   **MONETARY PAYMENTS**

**9.1.**   *Service Awards*

(a)   Plaintiff Barrett intends to seek a Service Award not to exceed the amount of four thousand dollars ($4,000.00) and Plaintiffs Denice E. Batla, Heather L. Coberly, Leland W. Gulley, and Blake A. Umsted intend to seek Service Awards not to exceed the amount of one thousand five hundred dollars ($1,500.00) each, which shall be subject to Court approval (the "Case Contribution Awards").  Defendants shall not oppose Plaintiffs' application for Service Awards up to that amount.  Any Service Award approved by the Court shall be paid within thirty (30) days of the Effective Date.  The Service Award shall be paid by the Settlement Administrator solely out of the Settlement Amount and shall be deducted (to the extent approved by the Court) from the Settlement Amount on or after the Effective Date and prior to the distribution to the Settlement Class Members.  Plaintiffs shall also be entitled to further distribution under this Settlement pursuant to Section 5.2 as Settlement Class Members.

(b)   Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any application for the Service Award shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any Order or proceedings relating to the Service Award, or any appeal of any Order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

(c)   Defendants shall have no obligations whatsoever with respect to any Service Award to Plaintiffs, which shall be payable solely out of the Settlement Amount.

**9.2.**   *Attorneys' Fees and Expenses*

(a)   Class Counsel intends to submit a Fee and Expense Application, seeking an award of Attorneys' Fees and Expenses not exceeding $200,000.  Defendants shall not oppose an Attorneys' Fees and Expenses award up to that amount.  Any amount awarded

by the Court in response to such Fee and Expense Application shall be paid by the Settlement Administrator solely out of the Settlement Amount and shall be deducted (to the extent approved by the Court) from the Settlement Amount and paid to Class Counsel within fourteen (14) days of the Effective Date.

(b)     Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of the Fee and Expense Application to be paid out of the Settlement Amount shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any Order or proceedings relating to the award of Attorneys' Fees and Expenses, or any appeal of any Order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

(c)     Defendants shall have no obligations whatsoever with respect to any attorneys' fees or expenses incurred by Class Counsel, which shall be payable solely out of the Settlement Amount.

## X.     CONTINGENCIES, EFFECT OF DISAPPROVAL, OR TERMINATION OF SETTLEMENT

**10.1.**   If the Court or, in the event of an appeal, any appellate court refuses to approve, or modifies any material aspect of this Agreement or the proposed Preliminary Approval Order or Final Approval Order and Judgment, including, but not limited to any judicial findings included therein, Plaintiffs or Defendants may terminate this Agreement and the Settlement as set forth below.

**10.2.**   This Agreement and the Settlement shall terminate and be cancelled if, within ten (10) business days after any of the following events, one of the Parties provides written notification of an election to terminate the Settlement:

(a)     The Court declines to provide preliminary approval of this Agreement, or declines to enter or materially modifies the contents of the Preliminary Approval Order, or the Preliminary Approval Order is vacated, reversed, or modified in any material

respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date;

(b)     The Court declines to provide final approval of this Agreement, or declines to enter or materially modifies the contents of the Final Approval Order and Judgment, or the Final Approval Order and Judgment is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date; or

(c)     The Effective Date does not occur for some other reason.

10.3.    For purposes of this Agreement and this Section 10.3, no Order of the Court, or modification or reversal on appeal of any Order of the Court, solely concerning the Plan of Allocation, the administration of the Settlement or the persons performing such administrative functions, or the amount, advancement or award of any Attorneys' Fees and Expenses or Service Awards shall constitute grounds for cancellation or termination of the Agreement.

10.4.    This Agreement shall terminate if and when any of the conditions specified in Section II is not satisfied.

10.5.    This Agreement and the Settlement shall terminate and be cancelled if (a) any federal or state authorities object to or request material modifications to the Agreement; and (b) within ten (10) business days after the deadline set in the Preliminary Approval Order for such objections or requests, or within ten (10) business days of receiving any such objection or request, if later, Defendants provide written notice of their election to terminate the Settlement.

10.6.    If for any reason this Agreement is terminated or fails to become effective, then:

(a)     The Settling Parties shall be deemed to have reverted to their respective status in the Action as of October 5, 2018, which shall then resume proceedings in the Court, and, except as otherwise expressly provided in this Agreement, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.

(b)     Class Counsel and Defendants' Counsel shall within ten (10) days after the date of termination of the Agreement jointly notify the Financial Institution in writing

to return to the Company, or its designee, the full amount contained in the Escrow Account, with all net income earned thereon, after deduction of any amounts earlier disbursed and/or incurred by the Escrow Account as of the termination, and direct the Financial Institution to effect such return within fourteen (14) days after such notification.  Prior to the return of amounts contemplated by this Section 10.6(b), the Financial Institution shall fully and finally fulfill and set aside for any and all tax obligations of the Escrow Account as set forth in Section 5.1(i) and the Company shall have no past, present, or future liability whatsoever for any such tax obligations.

(c)     This Section X and its provisions shall survive any termination of this Settlement.

## XI.     NO ADMISSION OF WRONGDOING

**11.1.**     The Parties understand and agree that this Agreement embodies a compromise settlement of disputed claims, and that nothing in this Agreement, including the furnishing of consideration for this Agreement, shall be deemed to constitute any finding or admission of any wrongdoing or liability by any of the Defendants, or give rise to any inference of wrongdoing or liability in the Action or any other proceeding.  This Agreement and the consideration provided hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual.  The Defendants specifically deny any such liability or wrongdoing and the Company states that it is entering into the Agreement solely to eliminate the burden and expense of further litigation.  Further, Plaintiffs, while believing that all claims brought in the Action have merit, have concluded that the terms of this Agreement are fair, reasonable, and adequate to the Plan, themselves, and the Settlement Class Members given, among other things, the inherent risks, difficulties, and delays in complex ERISA litigation such as the Action.  Neither the fact nor the terms of this Agreement shall be used or offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Agreement or arising out of or relating to the Judgment.

## XII.   MISCELLANEOUS

**12.1.   *No Disparaging Statements*.**   Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel shall make no statements to the press or make any other public statements describing this Settlement that disparage any Party or accuse any Party of wrongdoing.   The Parties will agree upon a joint statement to utilize in response to any inquiries from the press or otherwise regarding this Settlement.   Nothing in this Agreement shall be construed to prevent Plaintiffs and Class Counsel from freely and frankly communicating with the Settlement Class Members.

**12.2.   *Waiver*.**   The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving party.   The waiver by any party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

**12.3.   *Dispute Resolution*.**   If a dispute arises regarding compliance with any of the provisions of an approved and executed Agreement, before the dispute is presented to the Court it shall be mediated by Robert Meyer (or by another mutually agreed mediator).   The mediator shall make a non-binding decision regarding the dispute if such mediation efforts are unsuccessful.   The cost of any mediation shall be split equally between Plaintiffs and Defendants.

**12.4.   *Entire Agreement*.**   This Agreement is the entire agreement among the Parties and it supersedes any prior agreements, written or oral, between the Parties.   This Agreement cannot be altered, modified or amended except through a writing executed by Class Counsel (on behalf of Plaintiffs and the Settlement Class Members) and Defendants' Counsel (on behalf of Defendants).

**12.5.   *Construction of Agreement*.**   This Agreement shall be construed to effectuate the intent of the Parties to resolve all disputes encompassed by the Agreement.   All Parties have participated in the drafting of this Agreement, and any ambiguity shall not be resolved by virtue of a presumption in favor of any Party.   The Agreement was reached at arm's-length by the

Parties represented by counsel.  None of the Parties shall be considered to be the drafter of this Agreement or any provision hereof for the purposes of any statute, case law, or rule of interpretation or construction.

**12.6.   *Principles of Interpretation*.**  The following principles of interpretation apply to this Agreement:

(a)      The headings of this Agreement are for reference only and do not affect in any way the meaning or interpretation of this Agreement.

(b)      Definitions apply to the singular and plural forms of each term defined.

(c)      Definitions apply to the masculine, feminine, and neutral genders of each term defined.

(d)      References to a person are also to the person's permitted successors and assignees.

(e)      Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

**12.7.   *Executed in Counterparts*.**  This Agreement may be executed in counterparts, all of which shall be considered the same as if a single document had been executed, and shall become effective when such counterparts have been signed by each of the Parties and delivered to the other Party.  Counterpart copies of signature pages, whether delivered in original, by electronic mail in pdf format and/or by facsimile, taken together shall all be treated as originals and binding signatures.

**12.8.   *Notices*.** Unless otherwise provided herein, any notice, request, instruction, application for Court approval, or application for Court Order sought in connection with the Agreement shall be in writing and delivered personally or sent by certified mail or overnight delivery service, postage prepaid, with copies by facsimile or e-mail to the attention of Class Counsel or Defendants' Counsel (as well as to any other recipients that a court may specify).

Parties may change the person(s) to whom such notices should be directed by giving notice pursuant to this Section.  As of the date hereof, the respective representatives are as follows:

> **For Defendants:**
> **Catalina J. Vergara**
> O'Melveny & Myers LLP
> 400 South Hope Street
> Los Angeles, CA 90071
> Telephone:    (213) 430-7828
> Email:          cvergara@omm.com
>
> **For Plaintiffs:**
> **Paul R. Wood**
> Franklin D. Azar & Associates P.C.
> 14426 East Evans Avenue
> Aurora, CO 80014
> Telephone:    (303) 757-3300
> Email:          woodp@fdazar.com

    **12.9.**  *Extensions of Time*.  The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

    **12.10.**  *Governing Law*.  This Agreement shall be governed by and construed in accordance with the laws of Colorado without giving effect to any conflict of law provisions that would cause the application of the laws of any jurisdiction other than Colorado.

    **12.11.**  *Fees and Expenses*.  Except as otherwise expressly set forth herein, each Party hereto shall pay all fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to his, her, or its negotiation, preparation, or compliance with this Agreement, and including any fees, expenses, and disbursements of its counsel, accountants, and other advisors.  Nothing in this Agreement shall require Defendants to pay any monies other than as expressly provided herein.

    **12.12.**  *Communication With Current Participants*. Nothing in this Agreement or Settlement shall prevent or inhibit the Company's ability to communicate with Current Participants or Former Participants of the Plan.  The Parties acknowledge and do not object to

the fact that the Company intends to inform Settlement Class Members of this settlement prior to their receipt of notice under this Agreement.

      **12.13.** ***Retention of Jurisdiction.***  The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such Orders as necessary or appropriate to effectuate the terms of the Agreement.

**Agreed to on behalf of Plaintiffs William M. Barrett, Denice E. Batla, Heather L. Coberly, Leland W. Gulley, and Blake A. Umsted and the Settlement Class**

Dated: _January 10/2019_          By: _____

**Paul R. Wood**
Franklin D. Azar & Associates P.C.
14426 East Evans Avenue
Aurora, CO 80014
Telephone:     (303) 757-3300
Email:          woodp@fdazar.com


**Agreed to on behalf of Defendants Pioneer Natural Resources USA, Inc.; The Pioneer Natural Resources USA Inc. 401(K) and Matching Plan Committee; Theresa A. Fairbrook; Todd C. Abbott; W. Paul McDonald; Margaret M. Montemayor; Thomas J. Murphy; Christopher M. Paulsen; Kerry D. Scott; Susan A. Spratlen; Larry N. Paulsen; Mark Kleinman; and Richard P. Dealy**

Dated: _January 10, 2019_          By: _____

**Catalina J. Vergara**
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone:     (213) 430-7828
Email:          cvergara@omm.com