**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-1579-WJM-NYW

WILLIAM M. BARRETT, DENICE E. BATLA, HEATHER L. COBERLY, LELAND W. GULLEY, and BLAKE A. UMSTED, individually and as the representative of a class consisting of the participants and beneficiaries of the Pioneer Natural Resources USA, Inc. 401(K) and Matching Plan,

    Plaintiffs,

v.

PIONEER NATURAL RESOURCES USA, INC.;
THE PIONEER NATURAL RESOURCES USA INC. 401(K) AND MATCHING PLAN COMMITTEE;
THERESA A. FAIRBROOK;
TODD C. ABBOTT;
W. PAUL MCDONALD;
MARGARET M. MONTEMAYOR;
THOMAS J. MURPHY;
CHRISTOPHER M. PAULSEN;
KERRY D. SCOTT;
SUSAN A. SPRATLEN;
LARRY N. PAULSEN;
MARK KLEINMAN; and
RICHARD P. DEALY,

    Defendants.

---

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY APPROVING FILING OF THIRD AMENDED COMPLAINT, AND PROVISIONALLY APPROVING CERTIFICATION OF THE SETTLEMENT CLASS**

---

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement. This litigation arose out of claims involving alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, against Pioneer Natural Resources USA, Inc.; the Pioneer Natural

1

Resources USA Inc. 401(k) and Matching Plan Committee; Theresa A. Fairbrook; Todd C. Abbott; W. Paul McDonald; Margaret M. Montemayor; Thomas J. Murphy; Christopher M. Paulsen; Kerry D. Scott; Susan A. Spratlen; Larry N. Paulsen; Mark Kleinman; and Richard P. Dealy (collectively, "Defendants").

The parties entered into the Amended Settlement Agreement by and through their respective counsel on January 10, 2019 (the "Agreement," ECF No. 112-1) in the above-captioned action (the "Lawsuit"). The parties now move for an order granting preliminary approval of the class settlement of the Lawsuit upon the terms and conditions in the Agreement (the "Settlement"). The Court having read and considered the Agreement and the accompanying documents submitted by Plaintiffs and Defendants, finds and ORDERS as follows:

1. The Agreement is hereby incorporated by reference in this Order and, in addition to the terms defined in this Order, all terms defined in the Agreement will have the same meanings in this Order.

2. The Parties include Plaintiffs individually and as representatives of the Settlement Class, and Defendants as defined in the Agreement.

3. The Third Amended Complaint (ECF No. 110-9) is deemed filed concurrently with the filing of this Order for settlement purposes only.

4. For purposes of determining whether the terms of the Agreement should be preliminarily approved, the following Settlement Class is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1)(A):

> All Current and Former Participants and Beneficiaries of the Pioneer 401(k) and Matching Plan who maintained a balance of any amount in the Plan at any point from June 28, 2011 through December 10, 2018, excluding Defendants.

5. The Court expressly reserves the right to determine, should the occasion arise, whether the Lawsuit may be certified as a class action for purposes other than settlement, and Defendants retain all rights to assert that the Lawsuit may not be certified as a class action except for purposes of settlement only. This Order is not intended to be a final order on certification of the Class for settlement purposes.

6. The Court has reviewed the Agreement proposed by the Parties and finds that it is without obvious deficiencies. The Court finds that (i) the Settlement resulted from extensive arms-length negotiations; (ii) the Settlement was concluded after counsel for the Parties had conducted adequate investigation; and (iii) the Settlement terms are sufficiently fair, reasonable, adequate and in the best interests of the Settlement Class. The Court further finds it is appropriate for the Parties to send a Notice and Claim Form to the Settlement Class Members informing them that this action has been preliminarily certified for settlement purposes in accordance with Section III of the Agreement. The Court agrees to thereafter hold a hearing regarding (a) final approval of the Settlement and certification of a Settlement Class for settlement purposes only, (b) whether the Notice Procedures comply with the Federal Rules of Civil Procedure and due process; and (c) whether Class Counsel's request for attorneys' fees and costs should be approved (the "Final Approval Hearing").

7. Accordingly, the Court grants preliminary approval of the Settlement and finds that it is sufficiently fair and reasonable to warrant sending notice to Persons who may be members of the Settlement Class preliminarily certified for settlement purposes in accordance with the Class Notice procedures set forth in the Agreement.

8. Solely for the purposes of the Settlement, the Court preliminarily finds that

the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(1) have been satisfied in that: (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members; (iv) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; and (v) prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

9. Plaintiffs are found qualified to act as representatives of the Settlement Class and appointed as Settlement Class Representatives; and the following Plaintiff's Counsel are appointed as Counsel for the Settlement Class ("Class Counsel"), based on the Court's determination that the requirements of Fed. R. Civ. P. 23(g) are satisfied by this appointment:

> Paul R. Wood
> Keith R. Scranton
> Franklin D. Azar & Associates, P.C.
> 14426 East Evans Avenue
> Aurora, CO 80014
> Telephone: (303) 757-3300
> Facsimile: (720) 213-5131
> woodp@fdzar.com
> scrantonk@fdazar.com

10. If final approval of the Settlement is not obtained or the events set forth in the Agreement are not satisfied, this Order, including the above description of the Settlement Class, shall be vacated *ab initio*. Preliminary certification of the Settlement Class, appointment of Class Counsel and of Class Representatives, and all actions

4

associated therewith, are binding only with respect to the Settlement and are undertaken on the condition that the certification and designations shall be vacated if the Agreement is terminated or is disapproved in whole or in material part by the Court, any appellate court and/or any other court of review, or if the Agreement is terminated pursuant to Section X in the Agreement, in which event: (i) the Agreement and any obligations of Defendants thereunder shall be null and void, except as otherwise expressly provided in the Agreement; (ii) the Court shall vacate the preliminary certification of the Settlement Class; and (iii) the Lawsuit shall proceed as if the Agreement had never been entered, the Third Amended Complaint had never been filed, and the Settlement Class had never been certified, without prejudice or relevance to the Court's consideration on the merits of any arguments for or against a properly submitted motion for class certification.

11.     The Settlement and its preliminary approval is not to be deemed an admission of liability or fault by Defendants, or a finding of the validity of any claims asserted in the Lawsuit, or of any wrongdoing or of any violation of law by Defendants, or an admission by Defendants as to the certifiability of a litigation class in the Lawsuit, or any other case.  Neither the preliminary certification of this Settlement Class, nor the Agreement, nor the fact that it was entered into, nor any of its terms, provisions or exhibits, nor any of the negotiations or proceedings connected with it, nor any filings or arguments made to the Court in support of preliminary approval of the Settlement, may be offered, received or construed, in any pending or future civil, criminal or administrative action, as: (i) an admission of or evidence of liability or fault by Defendants or a finding of the validity of any claims asserted in the Lawsuit or of any

wrongdoing or of any violation of ERISA or; (ii) an admission of or evidence of the appropriateness of certification of a litigation class; or (iii) as evidence for any purpose in this or any other proceeding, including as to the certification of any class, except that such materials may be offered or received in proceedings to enforce the Agreement. Notwithstanding the foregoing, Defendants may file the Agreement, or any judgment or order of the Court related to it, in any other action that may be brought against them, to support any defenses based on res judicata, collateral estoppel, release, or any other theory of claim preclusion or issue preclusion.

12. Angeion Group, 11555 Heron Bay Boulevard, Suite 200, Coral Springs, Florida 33076, is appointed as third-party class administrator ("Class Administrator") for those tasks that must be accomplished before the Final Approval Hearing. The Court will determine at the Final Approval Hearing whether the Class Administrator should be appointed for all remaining purposes.

13. The Court has reviewed the Class Notice (ECF No. 112-3) and Former Participant Claim Form (ECF No. 112-2), which the Court approves subject to counsel making the edits to the Class Notice specified in Attachment 1 to this Order. The Court finds that the form and method of notice set forth in the Agreement (the "Notice Procedures"), as modified by the Court: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the

United States Constitutions, and the requirements of any other applicable rules or laws. In addition, the Court finds that the claim submission procedures and Former Participant Claim Form are fair, reasonable and adequate. Those procedures allow sufficient time and are simple and straightforward so that any Settlement Class Member who chooses to submit a Former Participant Claim Form has ample opportunity to do so. The Former Participant Claim Form and claim submission procedures assist the Settlement Class Members in making informed decisions as to whether to submit a Former Participant Claim Form. This finding, which is made for purposes of approving the Notice Procedures only, does not prejudice the rights of any Settlement Class Member to object to the Notice Procedures at the Settlement Fairness Approval Hearing.

14. The Class Administrator shall cause the Class Notice (ECF No. 112-3) (as modified according to the Court's redline edits evident in Attachment 1 to this Order) and the Former Participant Claim Form (ECF No. 112-2) to be distributed, along with a prepaid return envelope addressed to the Class Administrator, in accordance with the procedures set forth in Section 5.2 of the Agreement no later than **April 8, 2019**.

15. Any Settlement Class Member submitting a Former Participant Claim Form must mail that form to the Class Administrator postmarked no later than **July 10, 2019**. Filing a Former Participant Claim Form does not waive any objection a Settlement Class Member may raise in a properly submitted objection (see ¶ 16, below).

16. Any Settlement Class Member who wishes to object to any portion of the Agreement must do so by mailing a written objection to the Court postmarked no later than **July 10, 2019**. Such objections should be addressed as follows:

>Clerk of Court
>ATTN: Proposed Settlement in 17-CV-1579-WJM-NYW
>901 19th Street
>Denver, CO 80294

Any objection must include: (a) the case name and number; (b) the name, current address, telephone number, and signature of the Settlement Class Member filing the objection; (c) a statement that the Settlement Class Member filing the objection is a Settlement Class Member and an explanation of the basis upon which he or she claims to be a Settlement Class Member; (d) all grounds for the objection known to the Settlement Class Member; and (e) a statement as to whether the Settlement Class Member filing the objection or his or her counsel intends to personally appear at the Final Approval Hearing.  Any Settlement Class Member who fails to object in accordance with this Order will be deemed to have waived the right to object and shall be barred from raising their objections to the Settlement or Final Judgment in this or any other proceeding, including in an appeal, except by Order of the Court for good cause shown.  Filing an objection does not extend the time to file a Former Participant Claim Form (see ¶ 15, above).  Should a Settlement Class Member accidentally submit an objection to the Class Administrator, the Class Administrator shall transmit the objection to Class Counsel as soon as reasonably possible, and Class Counsel shall promptly file the objection on the Court's docket.

17. Plaintiffs' Motion for Final Approval of Class Action Settlement, for costs and attorneys' fees, and on behalf of the Class Representatives for service awards, as set forth in the Agreement shall be filed on or before **July 24, 2019**.  This motion shall also include Plaintiffs' response(s) to objections filed with the Court, if any.  On the same day, Defendants shall file their response(s) to objections filed with the Court, if

any.

18.     The Final Approval Hearing shall be held before this Court in Courtroom A801, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294 **9:30 a.m., on August 7, 2019**.  At that hearing, the Court shall consider and/or determine, among other things: (i) whether the Settlement should be finally approved as fair, reasonable, and adequate; (ii) whether to finally certify a Settlement Class for settlement purposes only; (iii) whether the Notice Procedures comply with the federal rules and due process; (iv) the amount of attorneys' fees and costs to be awarded to Class Counsel and the amount of any service awards to be paid to Class Representatives; (v) whether Settlement Class Members should be bound by the Releases set forth in the Agreement; and (vi) whether the Final Judgment approving the Settlement and dismissing all claims asserted in this Lawsuit on the merits, with prejudice and without leave to amend, should be entered.  The Final Approval Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the Members of the Settlement Class, other than that which may available through PACER.  The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class Members.

19.     Upon entry of this Order, all proceedings in the Lawsuit shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Settlement or to comply with or effectuate the terms of this Agreement or Fed. R. Civ. P. 23.

20.     Upon motion of any party, the Court may, for good cause, extend any of

9

the deadlines set forth in this Order without further notice to the Settlement Class.

Dated this 21st day of February, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge